IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| F. SCOTT RICE and BOBBIE RICE, | ) | CV 10-122-M-DWM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

F. Scott and Bobbie Rice allege that Allstate Insurance Company ("Allstate") failed to promptly and thoroughly investigate claims they brought under a homeowners' insurance policy, refused timely payment for certain losses, and incorrectly denied coverage on others. Allstate moves for partial summary judgment as to Plaintiffs' claims regarding payment of additional living expenses and depreciation, breach of the covenant of good faith and fair dealing, infliction of emotional distress, loss of consortium, and punitive damages based on actual

fraud.  Allstate also moved for partial summary judgment on Plaintiffs' breach of contract claim regarding coverage of two ATVs; because Plaintiffs have agreed to dismiss that claim, Allstate's motion on that point is denied as moot.  For the reasons stated below, the motion is granted in all other respects.

## FACTUAL BACKGROUND

In August 2008, Plaintiffs entered into an agreement with Ed Negrin under which he would lease and eventually purchase their home in Rexford, Montana.  On August 22, 2008, Plaintiffs left for Florida with the understanding that Negrin would take possession of the home on September 1.  On September 17, Negrin met with Plaintiffs' neighbor—who agreed to aid in the transfer of the home—to gain access to the home.  On September 18, the neighbor discovered that Negrin had absconded with almost all of the personal property from the home.

Plaintiffs reported the theft to the Lincoln County Sheriff's Office and filed a property loss claim with Allstate under their homeowners' policy on September 24.  Plaintiffs claim a total loss of $58,635.00 plus living expenses.  To date, Allstate has paid all uncontested amounts due under the policy, in the amount of $17,003.18.

## ANALYSIS

A party is entitled to summary judgment if it can demonstrate "that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the non-moving party. *Id.* at 252. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment; factual disputes which are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248.

Plaintiffs concede that Allstate is entitled to summary judgment as to their claim for depreciation benefits. They also concede that Montana's Unfair Trade Practices Act ("UTPA") bars their claims for breach of the implied covenant of good faith and fair dealing. Accordingly, summary is granted in favor of Allstate as to these claims, and Allstate's remaining arguments are considered below.

**A.    Count I (partial): Breach of Contract Claim for Additional Living Expenses**

Summary judgment is granted in favor of Allstate regarding Plaintiffs' claims for additional living expenses. Plaintiffs' policy provides for living expenses only when a covered loss makes the insured premises uninhabitable. The theft here did not render Plaintiffs' home uninhabitable.

The term "uninhabitable" is not defined in the policy. The *Oxford Dictionary* defines the term as a place that is "unsuitable for living in." *Black's Law Dictionary* defines the term as "[t]he condition of a building in which inhabitants can live free of serious defects that might harm health or safety." (Bryan A Garner ed., 9th ed., West 2009). The Montana Supreme Court has not defined "uninhabitability" in a homeowners' insurance policy dispute such as this, but it has defined the term in the context of implied warranties of habitability. As a general rule, if individuals are unable to live in a house because it lacks structural integrity or has sustained sufficient structural damage, the premises are "uninhabitable." *E.g. Degan v. Exec. Homes, Inc.*, 696 P.2d 431 (Mont. 1985); *Chandler v. Madsen*, 642 P.2d 1028, 1030 (Mont. 1982); *see also Williams v. Auto Club Family Ins. Co.*, 2007 WL 2436680 *3-4 (E.D. La. 2007) (finding that a house damaged by Hurricane Katrina was not uninhabitable because the house had no structural damage and the plaintiffs moved back into the house after making only minor repairs). In *Samuelson v. A.A. Quality Construction*, the Montana Supreme Court distinguished between uninhabitable living conditions and those that are merely inconvenient. 749 P.2d 73, 74–75 (Mont. 1988). It held a home was inhabitable even though water had seeped into the basement, damaging furniture and preventing use of that entire portion of the house:

> In both *Chandler* and *Degnan*, the dwellings were damaged so substantially as to preclude their use as a residence. That is not the situation in the present case . . . The evidence [here] demonstrates that the water problem was an inconvenience but did not render the home uninhabitable.

*Id.* at 75.

Other jurisdictions have adopted a more expansive definition, finding that structurally sound buildings may be uninhabitable if a condition exists that threatens the health or safety of the occupants. *E.g. W. Fire Ins. Co. v. 1st Presbyterian Church*, 437 P.2d 52 (Col. 1968) (finding the accumulation of gasoline around and under a church building made it uninhabitable); *Gay v. Cornwall*, 494 P.2d 1371, 1373–74 (Wash. App. 1972) (finding that serious leaks, a lack of vents, a broken sewer pipe, and an overheating furnace were sufficient to render a house uninhabitable).

Even if this court were to adopt this more expansive approach here, Plaintiffs' claim would still fail. Although their house may lack personal property such as utensils, beds, and other furniture, there is no evidence that any of the house's necessary systems, such as heat or water, have failed or that any other conditions would threaten Plaintiffs' health or safety should they attempt to live in the house. Plaintiffs' need to plow their driveway appears to be a "minor repair" that could be remedied prior to reoccupation. *See Williams*, *3-4. To define

"uninhabitable" as broadly as Plaintiffs request would remove the Montana Supreme Court's distinction between unlivable conditions and inconvenient ones.

Accordingly, Allstate is entitled to summary judgment as to Plaintiffs' claim for additional living expenses.

**B.     Counts III and IV**

Summary judgment is also granted in favor of Allstate on Plaintiffs' emotional distress and loss of consortium claims.

Plaintiffs did not address these claims in their response brief.  Instead, they agreed to "conditionally" drop their opposition to Allstate's request for summary judgment on these claims if damages for them can be awarded under the UTPA. Though such damages are available under UTPA if awarded by the jury, the Court does not take a position on Plaintiffs' conditional offer.

> [Where] a party . . . fails to properly address another party's assertion of fact as required . . . the court may . . . grant summary judgment if the motion and the supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . .

Fed. R. Civ. P. 56(e)(3); *see also Beard v. Banks*, 548 U.S. 521, 529 (2006) (holding that if the non-moving party has not set forth specific facts showing there is a genuine issue for trial, "the law requires entry of judgment in the [moving party]'s favor"); *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (holding that once a motion for summary judgment has been filed

"the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth the specific facts showing there is a genuine issue for trial'" as required under Rule 56(e)).

### a. Emotional Distress

The same basic elements are required to prove both negligent infliction of emotional distress and intentional infliction of emotional distress. *Sacco v. High Country Indep. Press, Inc.*, 896 P.2d 411, 428 (Mont. 1995). A claim for emotional distress "will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's [negligent or] intentional act or omission." *Id.* The Montana Supreme Court has held that "[t]he law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it." *Renville v. Fredrickson*, 101 P.3d 773, 776 (Mont. 2004)(citing *Sacco*, 896 P.2d at 426).

*Sacco*'s heightened standard of proof requires "that a plaintiff claiming intentional or negligent infliction of emotional distress must make a threshold showing to the court that their emotional distress is 'serious or severe' in order to proceed to trial." *Jacobsen v. Allstate Ins. Co.*, 215 P.3d 649, 663 (Mont. 2009); *see also Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 222 (Mont. 2008).

Plaintiffs have not provided any evidence to support their claims for

emotional distress. It is undisputed that Mr. Rice suffers from generalized anxiety disorder with panic disorder and agoraphobia, which may have heightened the distress he experienced during this insurance dispute. (*See* Def.'s SUF, doc. 17-11.) However, this court must determine if a reasonable person could be expected to endure the distress. Plaintiffs have provided no evidence relevant to this claim. Thus, summary judgment must be granted in favor of Allstate as to Count III of the Complaint.

### b. Loss of Consortium

A claim for "loss of consortium" is an independent cause of action under Montana law. *Bain v. Gleason*, 726 P.2d 1153, 1154 (Mont. 1986). However, Plaintiffs fail to provide any evidence as to how their dispute with Allstate resulted in such a loss. Therefore, summary judgment must be granted in favor of Allstate as to Count IV of the Complaint.

## C. Claim for punitive damages based on actual fraud

Summary judgment is also granted in favor of Allstate regarding Plaintiffs' claims for punitive damages based on actual fraud. Plaintiffs fail to allege with particularity either the content of the false representation or the identification of the material facts they allege Allstate concealed.

Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff who alleges an independent claim of actual fraud must allege the nine common-law elements of fraud with particularity. *In re Kindsfather*, 108 P.3d 487, 490 (Mont. 2005). However, where a plaintiff alleges fraud as part of a claim for punitive damages, the plaintiff need only allege actual fraud as it is statutorily defined. *Lorang v. Fortis*, 192 P.3d 186, 205 (Mont. 2008). Under the statutory definition, "a defendant is guilty of actual fraud if the defendant: (a) makes a representation with knowledge of its falsity; or (b) conceals a material fact with the purpose of depriving the plaintiff of property or legal rights or otherwise causing injury." Mont. Code Ann. § 27-1-221(3).

Rule 9(b)'s requirement that a plaintiff allege fraud with particularity applies to both allegations of fraud in support of a claim for punitive damages and to independent claims of fraud. *Jimenez v. Liberty Northwest Ins. Corp.*, 2007 WL 1378407 *9 (D. Mont. 2007). *Lorang* is not inconsistent with *Jimenez.* It does not preclude a particularity requirement for the two statutory elements of "actual fraud" or remove the requirement that plaintiffs provide a factual basis for their claim.

Thus, in an allegation of actual fraud for an award of punitive damages "[a] plaintiff must allege with particularity the content of the false representation or the

identification of the material facts concealed." *Jimenez* at *9. Plaintiffs have not alleged these two elements with particularity, and Allstate is entitled to summary judgment as to this claim.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Allstate's motion for partial summary judgment (doc. 15) is GRANTED as to the following claims: breach of contract for additional living expenses, depreciation benefits, and implied covenant of good faith and fair dealing; punitive damages for "actual fraud"; Count III (emotional distress) in its entirety; and Count IV (loss of consortium) in its entirety. Allstate's motion for summary judgment on Plaintiffs' breach of contract claim concerning the ATVs is DENIED as MOOT.

Dated this 18th day of May 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT